UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSH W.,

           Plaintiff,

      -v-                5:21-CV-628

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

LAW OFFICES OF KENNETH        JUSTIN M. GOLDSTEIN, ESQ.
  HILLER, PLLC                       KENNETH R. HILLER, ESQ.
Attorneys for Plaintiff
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226

SOCIAL SECURITY                  AMELIA STEWART, ESQ.
  ADMINISTRATION               Ass't United States Attorney
Attorneys for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

DAVID N. HURD
United States District Judge

## **ORDER ON MOTION FOR ATTORNEY'S FEES**

On June 1, 2021, plaintiff Josh W.[1] ("plaintiff") filed this action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Dkt. No. 1.

After plaintiff filed his opening brief, Dkt. No. 11, the Commissioner agreed to remand the matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), Dkt. No. 18.  This Court "so ordered" the stipulation on January 27, 2022, Dkt. No. 19, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 20.

On February 22, 2022, plaintiff moved for an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant when certain conditions are met.  Dkt. No. 21.  In response, the Commissioner has stated that she "has no objection to plaintiff's request for . . . attorney fees."  Dkt. No. 22.

Upon review of the submissions, plaintiff's fee application will be granted.  *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (explaining that only

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

a sentence four remand amounts to the kind of "final judgment" that permits the shifting of fees under the EAJA).

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. Plaintiff is awarded a fee in the amount of $9,173.08;

3. If plaintiff does not owe a debt subject to offset under the Treasury Offset Program, the funds shall be made payable to plaintiff's attorney of record.

IT IS SO ORDERED.

Dated: March 14, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge